IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PERRY B. WESTCOTT, ET AL., | § § | |
| Plaintiffs, | § § | CASE NO. 4:07cv438 |
| v. | § § | |
| UNITED STATES OF AMERICA, | § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the United States' Motion to Dismiss (Dkt 28). After reviewing the record and governing authorities, the Court finds that the motion should be GRANTED.

**Background**

In this suit, Plaintiffs, who are proceeding *pro se*, ask this Court "to require the I.R.S. to conform to the law as provided in the tax code" to "help complete years 1999, 2000, 2001, 2002, 2003 & 2004 tax returns." (Dkt. 1). Plaintiffs claim that 26 U.S.C. § 6020 obligates that I.R.S. to assist them in preparing their tax returns and seek to avoid the assessment of any penalties, interest, or other charges as a result of the failure to file any returns for the years listed.

In its motion to dismiss, the United States argues that Section 6020 does not require the I.R.S. to prepare a tax return for Plaintiffs and that this Court has no jurisdiction over Plaintiffs' claims. Defendant moves to dismiss Plaintiffs' complaint under Rule 12(b)(1) for want of jurisdiction and under 12(b)(6) for failure to state a claim.

1

## STANDARD

A motion to dismiss filed under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction; therefore, they have the power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed.2d 391 (1994); *Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998). The party wishing to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Rodriguez v. Texas Comm'n on the Arts,* 992 F. Supp. 876, 879 (N.D. Tex. 1998) ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.").

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In addition, all reasonable inferences are to be drawn in favor of the plaintiff's claims. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). However, dismissal for failure to state a claim does not require the appearance that, beyond a doubt, the plaintiff can prove *no set of facts* in support of his claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968, 167 L. Ed.2d 929 (2007). Rather, to survive a 12(b)(6) motion to dismiss, a plaintiff must show, after adequately

stating his claim, that it may be supported by some set of facts consistent with the allegations in the complaint. *Id.* When considering a 12(b)(6) motion, the court must limit its inquiry to the facts stated in the complaint. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).

## ANALYSIS

The Court agrees with Defendant that 26 U.S.C. § 6020 – the statutory provision relied on by Plaintiffs – does not confer jurisdiction on it to require the I.R.S. to prepare tax returns for Plaintiff. According to Section 6020:

> **(a) Preparation of return by Secretary.**--If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.
>
> **(b) Execution of return by Secretary.**--
>
> > **(1) Authority of Secretary to execute return.**--If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.
> >
> > **(2) Status of returns.**--Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

26 U.S.C. § 6020. There is nothing in that provision, or the case law citing to it, which indicates that a court has jurisdiction to intervene and require the I.R.S. to prepare a return when it chooses not to. Indeed, the Fifth Circuit has specifically stated that the Section does not require the I.R.S. to prepare returns. The Fifth Circuit – whose opinions are binding precedent on this Court – has noted that "although the section authorizes the Secretary to file for a taxpayer, the statute does not require such

a filing, nor does it relieve the taxpayer of the duty to file." *United States v. Stafford*, 983 F.2d 25, 27 (5th Cir. 1993); *see also Selgas v. C.I.R.,* 475 F.3d 697, 700, n5 (5th Cir. 2007) ("there is no need for the Commissioner to prepare a substitute tax return"); *United States v. Verkuilen*, 690 F.2d 648, 657 (7th Cir. 1982) (noting that Secretary of the Treasury is "permitted" but not required to prepare return for person who fails to make any return required by law).

Further, nothing in Section 6020 gives this Court authority to intervene and issue the injunctive relief requested by Plaintiffs. As has been argued by the United States in its motion, a plaintiff must show that there has been a valid waiver of sovereign immunity in order to sue the federal government or its agencies. *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007); *Lewis v. Hunt,* 492 F.3d 565, 570 (5th Cir.2007). And, any waiver of the Government's sovereign immunity must appear clearly in statutory text and cannot be implied. *Wagstaff*, 509 F.3d at 664; *Lewis,* 492 F.3d at 570. "Absent a waiver of sovereign immunity, the federal government is immune from suit." *Lewis,* 492 F.3d at 571 (citing *Loeffler v. Frank,* 486 U.S. 549, 554, 108 S. Ct. 1965, 100 L. Ed.2d 549 (1988)). Therefore, if sovereign immunity has not been waived explicitly by statute, this Court has no jurisdiction over Plaintiffs' complaints. *Wagstaff*, 509 F.3d at 664; *Lewis,* 492 F.3d at 571; *see also Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) (holding that a lack of waiver of sovereign immunity "deprives federal courts of subject matter jurisdiction"). There is no such express waiver in Section 6020.

Further, Plaintiffs' reliance on 28 U.S.C. § 1346(a)(1) – a statutory provision that does explicitly waive sovereign immunity – is misplaced. That section permits suits against the United States for "the recovery of any internal-revenue tax alleged to have been erroneously or illegally

assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). Because Plaintiffs' suit appears to solely seek this Court to compel I.R.S. assistance with the completion of their tax returns rather than seeking the recovery of any taxed assessed or collected, that section does not apply here.

The Court further agrees with Defendant that enjoining the IRS and any other agent of the United States from collecting taxes, filing liens, and issuing tax levies is expressly prohibited by 26 U.S.C. § 7421(a), commonly referred to as the Anti-Injunction Act. In asking the Court to require the I.R.S. to complete their tax returns for them, Plaintiffs here seek injunctive relief and have cited to no statute which authorizes their claims here. It is Plaintiffs' burden to prove that this Court has jurisdiction to adjudicate their claims. *See Rodriguez,* 992 F. Supp. at 879. They have not done so here. For this reason, the Court finds that Defendant's motion to dismiss should be GRANTED and Plaintiffs' case should be dismissed.

Despite this recommendation, the Court notes that, although the I.R.S. is not required by statute to assist Plaintiffs in the completion of their income tax returns, a more effective resolution of this dispute and efficient use of government resources would be for the parties to work together to complete satisfactory tax return for the years in dispute. Nonetheless, this Court has no jurisdiction to compel such assistance.

## **RECOMMENDATION**

Based upon the foregoing, the Court recommends that United States' Motion to Dismiss (Dkt 28) be GRANTED and Plaintiffs' claims here be dismissed.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 12th day of August, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE